No. 8136.

THE STATE OF LOUISIANA VS. SUCCESSION OF RICHARD TAYLOR.

The Defendant in a suit brought by the State of Louisiana in her own courts, cannot require her to furnish security for costs.

APPEAL from the Civil District Court, parish of Orleans. *Monroe,* J.

---

J. C. Egan, Attorney General, for Plaintiff and Appellant:

First—The State is sovereign in so far as she has not parted with her attributes of sovereignty to the Federal government.

Second—In a monarchy the exemption of the sovereign from the operation of statutes in which he is not named is founded on prerogative. 1 Watts (Pa.) 54; 2 Blackstone, 400.

State of Louisiana vs. Succession of Taylor.

Third—The prerogative is a principle of our government and a part of the law of the land. Ib.; 19 Wall. 239.

Fourth—The people of the State, being the sovereign, have succeeded to the rights of the King, the former sovereign. 4 Crown (N. Y., 349.

Fifth—No court can make a direct judgment against the United States for costs and expenses in a suit to which she is a party, either on behalf of any suitor or any officer of the government. 12 Wheaton, 550.

Sixth—If the people were plaintiff no judgment for costs could be given against them. 50 Ill., 441; 41 N. H., 238; 18 Johnson, 229; 4 Cowen, 345; 1 Kent Com. 297, note E.

Seventh—In the construction of statutes declaring or affecting rights and interests they are not to be interpreted so as to embrace the sovereign power of the State unless the statute specially named, or it be clear and indisputable from the act that it was intended to include the State. Sedgwick on Construction of Statutory Law, p. 337; 1 Blackstone Com. 262; 15 East, 333; D. Warris on the Construction of Statutes, p. 151; 1 Kent, 460; 4 Mason Cr. Ct. Rep., p. 427; 28 Miss., 753; 20 Wal., 255; 4 Gil., 20.

Eighth—The State is exempt from giving bond and security. 5 R. 237; 33 An. 712.

### Kennard, Howe & Prentiss for Defendant and Appellee:

First—Where a State is brought into the forum of litigation upon a contract, and, a fortiori, when she herself comes in, asking for an enforcement of contract rights "she can claim no immunity as incident to her political sovereignty." Davis vs. Gray, 16 Wall. 232.

Second—The dogmas cited by the Attorney General with reference to monarchies, are not followed in the enlightened and free community of Louisiana. Thus the doctrine, nullum tempus occurrit regi, has been disregarded in matters of contract, where the State was suing. Succession of Zacharie, 30 An. 1262; Graham vs. Tignor, 23 An. 570; Pepper vs. Dunlap, 9 An. 141.

Third—In the case at bar, the State is suing upon her alleged contract. There is no reason why she should stand in any other position than any other litigant. She makes a claim which is technical. She takes out a writ which is harsh. She seizes money of defendant and spends it in useless costs. The doctrine that the State is not included in statutes unless specially mentioned, is not recognized in Louisiana. 23 An. 570; 9 An. 141. And it therefore follows, that in such a case as this, where the State sues on its contract, she must give security like any other suitor.

Fourth—The rule that a plaintiff may be required to secure the costs to which the defendant may be unjustly put, in case the defendant succeeds, is a rule of practice founded on the simplest notions of justice. The State has no more right to evade it than has any other litigant. The argument of the Attorney General proves too much. If correct, it would allow the counsel of the State to ignore any article of the Code of Practice, according to their whim or convenience.

---

The opinion of the Court was delivered by

Levy, J. The question presented for our decision, in this appeal is: can the State be required to furnish security for costs in a suit instituted by herself, in her own courts, on the demand, to that effect, by the defendant?

The State of Louisiana instituted this suit against the Succession of Richard Taylor, the object sought being the rescission of a contract of lease of the New Canal.

Defendant obtained a rule on the State to show cause why the State should not give security for costs. The rule was made absolute; the

State refused to furnish the security, whereupon the case was dismissed and from the judgment of dismissal the State has appealed.

·The main ground upon which the appellee relies to sustain the cor- · rectness of his position and upon which the judge *a quo* bases his judgment is, that the State comes into court "upon a contract asking for an enforcement of contract rights" and, therefore, "she can claim no immunity as incident to her political sovereignty."

This doctrine, however sound, has no applicability to the question now before us. We are not called upon to decide as to the merits or demerits of any claim based upon a contract in which the State is interested or which she seeks to enforce or rescind, but merely as to the liability of the State to be amerced in costs in a proceeding instituted in her own courts. The authority of Davis vs. Gray, 16 Wallace, 232, relied upon by counsel of appellee, does not, in our opinion, sustain his position. There it was sought to enforce the obligation of a contract, and the court held : "That the act of incorporation and the land grant here in question, were contracts, is too well settled in this Court to require discussion. As such, they were within the protection of that clause of the Constitution of the United States which declares that, no State shall pass any law impairing the obligation of contracts. * * * When a State becomes a party to a contract, as in the case before us, the same rules of law are applied to her as to private persons under like circumstances. When she or her representatives are properly brought into the forum of litigation, neither she nor they can assert any right or immunity as incident to her political sovereignty." We construe this as having relation only to the incapacity of the State to assert its right growing out of its State sovereignty, to do any act which may impair the obligation of a contract, because such act would contravene the article of the Federal Constitution. Any different construction would subvert what we regard as the settled jurisprudence of the Supreme Court of the United States and would oppose itself to the adjudications of several States of the Union on the subject of the non-liability of a State to pay costs. We think there is a·marked distinction between the cases falling under the rule above quoted and that of the liability of the State·to enforce a remedy or means of enforcement of a contract before its own tribunals. In 2 Wheaton, 395, the Supreme Court said : "The United States never pays costs." In 12 Wheaton, 550, "It is a general rule, that no court can make a direct judgment or decree against the United States for costs and expenses in a suit to which the United States is party, either in behalf of any suitor or any officer of the government." In 5 Howard, 29, "The United States is not liable for costs." The Supreme Court of Alabama, in the case of Gwema vs. Powell and Bradley, held that, "No costs can be adjudged against the State when it is plaintiff in a civi

action and fails in its suit." So, also, in Vermont, 2 Tyler (Vt.) R. 44; 4 Gill & Johnson, Md. R. 407. In 1 Gilman (Ill.) R. 555, it was held: "A State is never bound to give a bond for costs in any case; neither does it ever pay costs, except in some particular way pointed out by statute." 12 Ill. 154; 4 Gil. 20; 1 Scam. 178; 50 Ill. 441.

The same policy and reasons which exempt the State from the necessity of giving bond in cases of appeal, &c., apply to security for costs. And, if the State is not liable to pay costs, it would be a vain and useless thing to require security therefor. The present suit is one in which the State is a party in her own name and to enforce her own rights and not those of any person or individual. In her own courts, constituted by herself, whose officers are appointed by herself, and whose costs and fees are paid by herself out of a fund specially created for that purpose, it would be an extraordinary proceeding to require her to furnish security for the payment of costs. We think the court below erred in its judgment.

The judgment appealed from is annulled, avoided and reversed, and this case is remanded to the Civil District Court of the parish of Orleans to be proceeded with according to law.