CHARLES H. NICOLAI *vs.* THE MARYLAND AGRI-
CULTURAL AND MECHANICAL ASSOCIATION
ET AL.

*Dissolution of a Corporation—Sale of Land Held by Trustees—Construc-
tion of an Act of Assembly.*

Plaintiff filed a bill in equity setting forth that by an Act of Assembly in-
corporating the defendant, Agricultural Association, he and certain other
persons were made incorporators and trustees ; that the State appro-
priated a sum of money for the purchase of land to he held by the trus-
tees for the association until its dissolution or "until the association
shall hold no exhibition for three successive years, then said lands shall
be conveyed to the State ; " that a subsequent Act authorized the trus-
tees to sell the land and improvements in case of a dissolution of the
association and distribute the proceeds in a designated manner. The
bill further alleged that no exhibitions had been held on the land for
more than three years and that the franchises of the association had fal-
len into abeyance and been dissolved, but a pretended board of direct-
ors was in possession of the property ; that the plaintiff was the only
survivor of the originally nominated trustees and no successors of the
others had been elected. The prayer of the bill was for a decree dissolv-
ing the association and for a decree directing the sale of the land and
the distribution of the proceeds. Upon demurrer to the bill *Held*,

1st. That the Court has no authority apart from statute to dissolve a cor-
poration and the case presented by the bill is not within any statute,
and the charter of the defendant association does not provide that it
shall be *ipso facto* dissolved or its charter forfeited for failure to hold
exhibitions for three years.

2nd. That the allegations of the bill do not show that the corporation has
been already dissolved or has ceased to exist, and even if its charter

ought to be forfeited yet no forfeiture of a charter can be enforced against a corporation collaterally or in any other mode than by a direct proceeding instituted by the State.

3rd. That since the association has not been dissolved and the Court has no jurisdiction to decree dissolution, there can be no decree for a sale of the land because a sale is only authorized under the Act upon a dissolution of the association, and therefore the plaintiff's bill was properly dismissed.

Appeal from a decree of the Circuit Court for Baltimore County (BURKE, J).

The cause was argued before McSHERRY, C. J., BRISCOE, PAGE, BOYD, SCHMUCKER and JONES, JJ.

*William S. Bryan, Jr.*, and *James H. Preston*, for the appellant.

*Edgar H. Gans* and *W. Calvin Chesnut* (with whom was *B. H. Haman* on the brief), for the appellee.

BOYD, J., delivered the opinion of the Court.

This case comes before us on an appeal from a decree of the Circuit Court of Baltimore County sustaining a demurrer and dismissing the bill of complaint filed by the appellant against the Maryland Agricultural and Mechanical Association and others. The bill alleges that by chapter 128 of the Acts of 1867 of the General Assembly of Maryland a charter was granted to the plaintiff and twenty-eight other persons, who were also appointed trustees, by said Act of Assembly ; that they were the only incorporators and trustees and that no successors have been named or vacancies filled and that all of the others are dead, leaving him the sole surviving trustee ; that the sum of twenty-five thousand dollars appropriated by the General Assembly for the purchase of land was to be expended and the property was to be held by the trustees for the purposes set out in the Act "until the dissolution of the association or until the said association shall hold no exhibition on said land for three successive years, then said lands

shall be as aforesaid conveyed to the State ;'' that the Mayor and City Council of Baltimore passed a resolution appropriating $25,000 to five trustees, of whom William E. Banks and John A. Robb are the survivors, but by subsequent resolution the comptroller was authorized to pay over said sum to the association, on the order of the trustees, to be expended on improvements on the real estate ; that by the Act of 1870, chapter 89, the General Assembly amended the previous Act, so that in case of dissolution of said association the trustees named were authorized to sell the land and improvements, and the city of Baltimore and individuals who contributed to the purchase of the land, or to the improvements, were to share in the proceeds of such sale ; that by the Act of 1890, chapter 73, certain other changes were made by which the trustees were to sell at public auction and the proceeds were to be first applied to the payment of debts due by the association and the remainder to be paid to the State, the city of Baltimore and to individuals who contributed to the purchase of the land.   The bill then alleges that the association has held no exhibition on said land for three successive years, and (in paragraph 7) "that the said association, its rights, franchises and charters have fallen into abeyance and thereby been abandoned and dissolved, and the purposes for which it was formed have been entirely abandoned."   It also charges that the Pimlico Driving Club has by some secret arrangement taken possession of the tract of land which "has been manipulated in the interest of a pretended Board of Directors, but really in the interest of the said Pimlico Driving Club, and those that are interested therein ;'' that the plaintiff is advised that doubts exist as to the constitutionality of the Act of 1890, and that the determination of the Court as to the construction of this statute, as well as the Acts of 1867 and 1870 are necessary to the administration of the trust imposed upon the plaintiff. It is alleged that the property comprises about seventy-seven acres of land, now worth about $125,000, purchased with the $25,000 appropriated by the State and the improvements were placed thereon by the city of Baltimore and divers persons

unknown to the plaintiff; that there are two mechanics' liens of record which were assigned to Frank Brown and which are alleged to have expired by limitations.

The prayers of the bill are (a) that a decree may be passed adjudicating a dissolution of the association; (b) that the defendants may answer the several matters and things stated; (c) that the defendants may be required to disclose the amounts and the nature of their claims and what now remains due thereon; (d) that the Court may assume jurisdiction over said trust and direct a sale of said real estate by the plaintiff, as provided by said Act of the Assembly, and a distribution of the proceeds under the order and direction of the Court; (e) and for general relief.

It will be observed that the Act of 1867 provided that the trustees therein named, or their successors, should convey the land together with all improvements thereon to the State of Maryland " should the said association at any time dissolve " or "if said association shall hold no exhibitions on said land for three successive years." The Act of 1870 only provides for a sale in case of dissolution of said association, and does not authorize a sale by the trustees on failure of the association to hold exhibitions for three successive years. Nor does the Act of 1890 attempt to provide for a sale for any cause but the dissolution of the association. The bill was not filed for the purpose of getting authority to convey the property to the State and, the State not being a party to the suit, we do not understand how the Court could direct that to be done, even if such power had been sought in this bill and there was no other obstacle in the way. So we do not deem it necessary to determine, as suggested by the appellees, whether the Acts of 1870 and 1890 have by implication repealed the part of the Act of 1867 which provides for the conveyance to the State for failure to hold exhibitions for three successive years, as we do not think it is involved in this case.

It is conceded by the appellant that a Court of equity has no jurisdiction to decree a dissolution of a corporation unless such jurisdiction is conferred upon it by the terms of some

statute, and that when a corporation is liable *to have* its charter forfeited *for any cause*, the forfeiture can only be *enforced* at the instance of the State.    But it is said that there is a corollary of this last proposition which is that it is competent for the State to provide, either in a general law or in a special charter, a limitation to the existence of a corporation by prescribing that it shall cease to exist either at a certain time, or on the happening of a certain contingency, and that when it appears that it was the legislative intent that on the happening of a given event the life of the corporation shall terminate, then the corporation is *ipso facto* dissolved when that contingency does arise, and it is sought to apply that principle to this case.    There can be no doubt that the Legislature may use such language in a charter as will make a forfeiture clause self-executing, and the corporation will *ipso facto* cease to exist, but it requires strong and unmistakable language to work such results, and "in the construction of clauses prescribing a condition or contingency, the Courts seem generally opposed to that which supports a forfeiture *ipso facto* without judgment of dissolution in a Court proceeding." 9 *Ency. of Law*, (2 ed.) 555.    But the Act of 1867, as we understand it, does not undertake to cause a forfeiture of the charter for the reasons therein stated, and only provided that the property purchased with the money furnished by the State should be conveyed to it and the subsequent statutes only provided for a sale, instead of a conveyance to the State, in case of a dissolution of the association and do not attempt to designate any cause which should work a dissolution.    There is therefore nothing in them to authorize the application of the corollary referred to by the appellant in this case.

This charter did not merely authorize the association to hold exhibitions, but it was formed "for the encouragement of science and practice of agriculture and of the mechanic's arts as connected therewith, by the holding of exhibitions, the distribution of premiums for excellence, the publication of essays, transactions and proceedings upon agricultural subjects or subjects kindred thereto, the institution of experi-

ments, the establishment of libraries, the collection and pres-, ervation of models and specimens, the providing of proper and convenient rooms and places of resort for persons in pursuit of agricultural information, and generally to promote the interests of agriculture and of the arts and sciences connected therewith," and by section 3 it is shown that the money was furnished by the State "for the purpose of *assisting* the association hereby incorporated to purchase ground suitable for the purpose of holding exhibitions." The sale or conveyance of the property purchased with the State's money would therefore not of itself work a dissolution of the association. In *State* v. *Bank of Maryland*, 6 G. & J. 230, where the bank had made an assignment of its property for the benefit of its creditors, our predecessors said : "And although it should by a transfer of all its property render itself powerless to discharge the ordinary purposes of its institution, it still remains a living or existing corporation." See also *Ordway* v. *Central Bank*, 47 Md. 239; *DuPuy* v. *Terminal Company*, 82 Md. 436. The Act of 1870 only gives the right to sell *after dissolution*, but does not provide that there shall be a dissolution of the association if a cause for sale of the property should arise, and, if it be conceded that the second condition in the Act of 1867 is still in force, and there be sufficient grounds for the State to demand a reconveyance of the property on account of the default in that condition, it does not necessarily follow that the corporation must be dissolved. From what appears in this bill, it may be that the association would still have other property or at least be capable of carrying on some of the business for which it was organized, if this property was taken from it.

But the bill not only speaks of a "pretended board of directors" of the association and alleges that the plaintiff "is advised that a discovery may be had of all contracts and all terms under which the said Pimlico Driving Club, defendant, its officers and agents, have with the said pretended board of directors or managers of the said Maryland Agricultural and Mechanical Association, defendant, its officers and agents,"

but it specifically prays "That a decree may be passed adjudicating a dissolution of the Maryland Agricultural and Mechanical Association," and asks for process against that association. So although in paragraph seven (marked 6 in record) the allegations above quoted are made, the bill in other places admits, certainly by implication, that there is an existing association, at least a pretended organization, and the language used in paragraph seven must be taken to have been used in connection with the other allegations of that paragraph which refer exclusively to exhibitions. If not in fact so intended, the other parts of the bill make the meaning of that language too doubtful to justify the Court in accepting it as a sufficient allegation that the association is *already* dissolved, so as to authorize the appellant to assert for that reason any rights he may have with reference to this property.

Nor do we think the allegations in paragraph two of the bill are sufficient to justify the Court in holding that there had already been a dissolution of the corporation. It is there alleged that "the names hereinbefore mentioned were the only incorporators and trustees, that no meetings of the said incorporators and trustees after the purchase of the property hereinafter referred to were for many years past had, and that no successors were named and that no vacancies which occurred in their number were filled ; and your orator further avers, on information and belief, that all of the incorporators and trustees, except himself, are since deceased, leaving your orator the sole surviving trustee created by virtue of the said Act of 1867, ch. 128." "The names hereinbefore mentioned" were the twenty-nine named in the charter, but the Act adds "and their associates who now constitute the Maryland Agricultural and Mechanical Association, and such others as shall be hereafter admitted members of the same," etc. Sec. 2 provides that ".this incorporation or a majority of the members of the same shall have full power to make a system of rules and regulations under the denomination of a constitution, by-laws or otherwise, not inconsistent with the laws of the State, for the management of the affairs of said society  *  *  *  and

the present officers of the said society shall continue in their respective stations until an election shall be made under this Act, and the constitution, by-laws, regulation and ordinances now in force not inconsistent with the laws of this State shall be good and valid until altered, amended or abrogated by the corporation." When this section is considered in connection with the allegations in the bill heretofore mentioned, as to the pretended board of directors and managers, its officers and agents, and the others which impliedly admit that there in some sort of an organization of the company in existence, it cannot be determined from the bill that there have not been other members admitted who have kept up an organization of the association. It may be that those named " were the only incorporators and trustees," " that no successors were named and that no vacancies which occurred in their number were filled," and still others may have been " admitted as members " who have kept up the organization. It is therefore not necessary to determine what the effect would be on the question under consideration if the appellant was the only member of the association still living, or how far a Court of equity could then grant him relief. It is sufficient for the purposes of this case to say that if relief is sought in a Court of equity against a corporation on the ground that it had already been dissolved, that must be made to clearly appear and unless it is so alleged in unambiguous terms. Courts should not entertain a bill dependent upon that fact, and from what we have said it will appear that this bill, in our opinion, does not measure up to that requirement. Authorities are numerous in this State to the effect that no cause for forfeiture of a corporation, which has actually come into existence, can be taken advantage of, or enforced against the corporation collaterally or incidentally, or in any other mode than by a direct proceeding instituted for that purpose. *Canal Company* v. *Railroad Company*, 4 G. & J. 121; *Hodges' case*, 58 Md. 603; *Bonaparte's case*, 75 Md. 348; *Musgrave* v. *Morrison*, 54 Md. 166, and others that might be cited fully establish that doctrine. Nor should a corporation be held to be dissolved by the death of its members or other

such reason as is mentioned in 4 G. & J. 121, unless there be unmistakable evidence of such fact, and when the relief sought is dependent upon a previous dissolution of the corporation, that must be alleged in no uncertain terms.

We have not deemed it necessary to determine whether this appellant could, regardless of the other questions, obtain the relief he seeks in the absence of the State of Maryland as a party to this suit. It is contended in his behalf that " the present controversy is between a trustee and his *cestui que trust,* respecting their respective duties and rights," and yet the *cestui que trust* which perhaps has the most interest in the result is not a party. It is true he cannot sue the State without its authority, but that might have been obtained and does not appear even to have been sought. It would seem therefore to be very doubtful, to say the least, whether any decree could be passed which would bind the State. But independent of that, as appellant has nothing to do as trustee before dissolution, or at any rate before the failure of the association to hold exhibitions on the land for three successive years (if that be admitted to be still in force), and a demand or request by the State that it be conveyed to it, and as we have said that relief cannot be granted for either of those grounds under this bill, there is no occasion for the Court to take jurisdiction of the case to advise or direct the trustee. As there is no other reason shown for the Court interfering on behalf of the appellant the decree must be affirmed.

*Decree affirmed, appellant to pay the costs.*

(Decided January 16th, 1903.)