**STATE ex rel. COM'RS OF THE LAND OFFICE v. JOHNSON, Sheriff.**

No. 24621.   Oct. 3, 1933.

R. H. Couch, Haskell Paul, and Lloyd Story, for plaintiff.

Lynn W. Norman, Co. Atty., for defendant.

WELCH, J. Plaintiff, by an original action in this court, seeks a writ of mandamus requiring the defendant, as sheriff cf Murray county, Okla., to execute and deliver to the plaintiff a sheriff's deed covering lands in said county which had been sold by the defendant at sheriff's sale in the usual course of a real estate mortgage foreclosure.

Plaintiff herein instituted in the district court of Murray county, Okla., its action to foreclose its real estate mortgage held as security for a loan of state school land money. Plaintiff recovered judgment, and thereafter, in pursuance of an execution and order of sale, the land was sold by the defendant, as sheriff of said county, the plaintiff herein being the purchaser at such sale. The sale was confirmed by the district court of Murray county, and the sheriff ordered to execute his deed therefor to the purchaser. This the sheriff refused to do, assigning as his reason for such refusal the fact that the court cost had not been paid, and in this proceeding offers to deliver such deed to plaintiff if and when the plaintiff pays, or causes to be paid, such costs.

The question here presented is whether or not the state of Oklahoma, in the prosecution of an action to foreclose a real estate mortgage given as security for a loan of state school land funds, is liable for the payment of court costs in such action, and the question appears to be of first instance in this court. In 59 Corpus Juris, page 332, sec. 503, we find the following:

"While a state may be excused from the payment of costs because of express statutory exemption, it is a general and well-established rule, apart from statute, that costs are not recoverable from a state, in her own courts, whether she has brought suit as plaintiff or has properly been sued as defendant; or whether she is successful or defeated."

This general rule appears to be amply sustained by numerous authorities cited in support thereof, and indeed we have been unable to find any authorities whatever which do not adhere substantially to this rule. In State of Maryland v. Harlan Williams, cited in 1 L. R. A. (N. S.) 254, page 258, the court says:

"An examination of the authorities has satisfied us that costs cannot properly be awarded against the state in civil actions, in the absence of a statute giving express authority to render such a judgment. State, Use of Charlotte Hall School, v. Greenwell, 4 Gill & J. 407; United States v. Barker, 2 Wheat. 395, 4 L. Ed. 271; The Antelope, 12 Wheat. 550, 6 L. Ed. 725; Stanley v. Schwalby, 162 U. S. 272, 40 L. Ed. 966, 16 Sup. Ct. 754; Sandberg v. State, 113 Wis. 589, 89 N. W. 504,—declaring that the doubt expressed in Noyes v. State, 46 Wis. 250, 32 Am. Rep. 710, 1 N. W. 1, as to civil actions to be unfounded. We have been referred to State v. Maryland Agri. & Mechanical Ass'n, 98 Md. 223, 56 Atl. 484, as authority for the allowance of costs against the state. The bill in that case was dismissed by the circuit court without giving costs against the state, and their allowance in this court upon affirming the decree was through inadvertence. This opinion, however, will remove any question as to the property of such allowance in future cases."

In Natalbany Lumber Co., Ltd., v. Louisiana Tax Commission (La.) 143 South. 20, it is said:

"We were in error in our original decree in taxing the costs of the suit against defendants, Louisiana Tax Commission, police jury and board of reviewers, and assessor of St. Helena Parish. Neither the state, nor a state board, nor a state governmental agency, nor a public officer representing the state in his official capacity, owes any costs. Lyon Lumber Co. v. Louis-

iana Tax Commission, 158 La. 996, 105 So. 39; State v. Succession of Taylor, 33 La. Ann. 1272; State v. Taylor, 34 La. Ann. 978; Succession of Townsend, 40 La. Ann. 66, 3 So. 488; Brown v. Pontchartrain Land Co., 49 La. Ann. 1779, 23 So. 292; State ex rel. Cunningham v. Board of Assessors, 52 La. Ann. 223, 26 So. 872."

In State v. Bradford Sav. Bank & Trust Co. (Vt.) 44 Atl. 349, the court said:

"* * * The judgment below was for the defendant to recover its costs. Unless allowed by statute, costs are not recoverable against the state. We have no statute permitting their recovery. Pro forma judgment for the defendant reversed. Judgment for the defendant, without costs."

In State v. Kinne, 41 N. H. 238, the court held:

"At common law there were no costs.

"All the costs that are allowed to any party, in any case, either civil or criminal, are given by statute both in England and in this country.

"As in England the king is not bound by any statute, unless he be expressly named to be so bound, so here the state is not bound by the general provisions of a statute by which any of its prerogatives, rights, titles, or interests would be devested, unless the statute be made by express words to extend to and include the state in its provisions.

"Therefore, by the provisions of our statute which enacts that 'costs shall follow the event of every action or petition, unless otherwise directed by law or by the court,' no costs can be recovered against the state by a party prevailing against it in any civil cause.

"Scire facias upon a recognizance entered into in a criminal proceeding, is a civil suit, and partakes in no respect of the nature of a criminal proceeding, and the respondents who prevail against the state upon such scire facias, are not entitled to costs."

In State ex rel. C. T. Pollard, Jr., v. Willis Brewer, Auditor, etc., 59 Ala. 130, the court held:

"The statutes which allow fees to sheriffs and other officers for services rendered in prosecutions by the state for criminal offenses, and in executing judgments rendered in such prosecutions, give costs, and must be strictly construed.

"It is a principle of the common law that such statutes do not extend to and embrace the sovereign, unless it is so expressly provided.

" 'The king shall neither pay nor receive costs,' was the rule at common law. The same principle has been applied to the governments, state and federal, in this country in civil and criminal causes.

"Those who accept public offices which require them to render services to the state, must take the office cum onere. The rendition of such service is gratuitous, unless by express statutory provision compensation is fixed, and an express liability for its payment imposed on the state."

The last-cited cases point out that the various public officers of the state, who are charged with the performance of public duties, are subject to the command of the sovereign and must perform such duties as are imposed upon them, and must point to specific statutory authority for any compensation. Before any servant of the sovereign may exact a fee for his services, the sovereign must have first agreed that such fees might be exacted of it, and in our form of government such agreement must be by specific legislative enactment.

We know of no legislative enactment of this state which specifically provides that the state, in civil actions in her own courts, shall be liable for the court costs which accrue therein, and the defendant has pointed to no such statute. The defendant in his brief refers us to section 514, O. S. 1931, which specifically exempts the state of Oklahoma, or any department thereof, from the filing of a bond, including costs, replevin, attachment, garnishment, redelivery, injunction bonds, appeal bonds, or other obligations of security, and which contains the following provisions:

"In case of an adverse decision, such costs as by law are taxable against the state of Oklahoma, or against the party acting by its direction, as aforesaid, shall be paid out of the contingent fund of the department under whose direction the proceedings were instituted"

—with the suggestion that such statute specifically authorizes the taxing of court costs against the state in such cases as we have here. With this we do not agree. Although the quoted section may authorize the payment of such costs as may be taxed against the state by law, out of a contingent fund of a department, it cannot be construed to be an authorization for the taxing of any costs. It may be that we have some specific statutory authority for taxing costs against the state, or some department thereof, but with whether or not that is true we are not here concerned, unless it be in the class of cases here considered.

The defendant refers us to section 511, O. S. 1931, which requires the various court clerks of the state to assess and collect various fees as court costs. This general provision of the law for the assessment and collection of court costs cannot be said to embrace the state of Oklahoma under the authorities cited herein.

The defendant in his brief suggests that the clerk of the court might be responsible personally to the publisher who published the notice of sheriffs sale for his fees, upon the clerk's implied promise to the publisher to pay when delivering the same to him for publication. However, we observe section 452, O. S. 1931, which provides that the officer receiving the writ, and not the clerk, shall advertise and sell the property. We also observe sections 458 and 459, O. S. 1931, which provide that the officer may refuse to publish the notice until the party for whose benefit such execution issued shall deposit with him so much money as will be sufficient to discharge the fees of the printer for publishing the same. It appears that the clerk of the court is not the person charged by law with procuring notice of sheriff's sale to be published, and it appears, further, that the sheriff, at least in some cases, may not be compelled to execute the writ until he is assured that all the publisher's fee for publishing notices will be provided for by an actual deposit with him of the money. In the instant case, however, the publication has been made, the sale conducted and confirmed by the court. The state of Oklahoma is not liable for the payment of the costs, there being no express statutory requirement therefor, and it therefore follows that the defendant has no legal excuse for his failure to execute and deliver his deed.

The writ as prayed is allowed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur.