## STATE ex rel. BANK COMMISSIONER v. CRUM.

No. 29020.     March 7, 1939.

Rehearing Denied Oct. 3, 1939.

Houston E. Hill and John M. Wheeler, for plaintiff in error.

Dixie Gilmer, County Atty., John F. Conway, Asst. County Atty., for defendant in error.

GIBSON, J. This is an appeal by the state on relation of the Bank Commissioner from a judgment of the district court of Tulsa county denying mandamus against the court clerk of said county requiring him to accept from petitioner and file a release of a certain judgment theretofore obtained by petitioner and of record in said court.

The judgment sought to be released was one in foreclosure and was obtained in the year 1935 against certain parties by the petitioner as liquidator of the Exchange Trust Company, an Oklahoma banking institution. The parties thereto have compromised and settled the deficiency growing out of said foreclosure, and petitioner has submitted to the respondent his release and satisfaction in full of said judgment. Respondent refused to accept the same for the reason that the instrument purports

to release all costs taxed and inserted in the judgment which, he maintains, belongs to the county and may not be discharged by the Bank Commissioner.

Petitioner asserts that the provisions of section 84, chapter 40, S. L. 1936-1937, placed upon respondent the duty of accepting and entering the release on presentation as aforesaid. The material portion of the section reads as follows:

"* * * The state of Oklahoma, on the relation of the Bank Commissioner, shall be deemed to be the owner of all of the assets of failed banks in his hands for the use and benefit of the depositors and creditors of said bank, and no deposit for costs shall be required in any courts of the state of Oklahoma in which the state of Oklahoma, on the relation of the Bank Commissioner, is a party, and no costs shall accrue or be taxed against the state of Oklahoma and paid by the state of Oklahoma, on the relation of the Bank Commissioner, in any such suits, and it shall be the duty of clerks of the various courts of the state of Oklahoma to accept and file without cost or cost deposit in any such cases, all pleadings, dismissals, assignments of judgment or other instruments pertaining to such cases, when offered for filing by the state of Oklahoma, on the relation of the Bank Commissioner, and it shall be the duty of all the courts of the state of Oklahoma and all the officers of the state or county to give preference to all matters pending in such courts in which the state of Oklahoma, on the relation of the Bank Commissioner, is a party."

We find the issues here only slightly controversial. The commissioner premises his complaint upon the theory that no costs may be taxed against him in cases prosecuted pursuant to his duties as such commissioner. The respondent does not dispute this argument, but says that the release purports to discharge a regular judgment against an individual for costs which inure to the benefit of the court fund of the county, and that the commissioner is without authority in law to release the same. The commissioner then counters with the argument that he is not concerned with the legal effect of the release as to the costs, thus apparently taking the position that the question is one for settlement between the judgment debtor and the respondent.

Both parties are in a measure correct in their respective arguments. The state is not subject to costs in any action in the state courts wherein it is plaintiff. This is true with or without statutory sanction. 59 C. J. 332, sec. 503; State ex rel. Com'rs of Land Office v. Johnson, 165 Okla. 190, 25 P.2d 659. But the rule does not extend to an individual defendant in such case and relieve him of the burden of court costs. Judgment for costs will follow the general judgment as a matter of course. Section 519, O. S. 1931, 12 Okla. Stat. Ann. sec. 928. That the state is a party to the litigation creates no exception to the statutory provision.

Neither the court clerk nor other officer who may have earned costs or fees in a case of this character may demand payment thereof from the state. State v. Johnson, supra. But there is neither statute nor rule of law that will permit the state to compromise or release a judgment for costs once the judgment becomes final. Nor is there a statute prohibiting the court clerk from entering the costs when pleadings and documents are filed in such case. It is true that said section 84, and section 9179, O. S. 1931, provides that no costs shall accrue or be taxed against the state in suits brought by the state on relation of the State Bank Commissioner, but that provision is merely a reiteration of the common-law rule and a legislative application thereof to this particular character of state action.

Since the state actually is not, in the strictest sense, the real party at interest in the bank liquidation cases (sec. 9179, O. S. 1931; sec. 84, supra), the Legislature probably was doubtful whether the general rule as to costs against the state would apply. The provision in this regard was no doubt enacted in order to set at rest any question whether costs might be taxed against the assets of the insolvent bank. Though the benefit actually accrues to the depositors and creditors of the bank, the state as trustee may as an incident to liquidation forego costs under its constitutional authority to enact laws for the protection of depositors and individual stockholders. Section 1, art. 14, Const.

Under the statutory provision aforesaid, it would be the duty of respondent to accept and enter without cost a release of judgment so far as it purports to release only the claim of the state on relation of the Bank Commissioner. But he was not duty bound to accept the release as presented. Though such release could not legally discharge the judgment for costs, the clerk may properly refuse one that purports so to do.

If the state as judgment creditor in a case of this character should realize full

satisfaction of its judgment, including costs, it would hold that portion of the recovery representing costs as trustee for the court clerk in his official capacity. Any argument that the creditors of the bank may be enriched by such costs at the expense of the clerk and other officers earning such costs as fees could be based on no sound reason. The statute was not intended to create such a situation. The interests of the judgment creditor and the court clerk in such case are aptly stated by the Supreme Court of Kansas in State ex rel. Hopkins v. Dewey Co., 257 P. 953, as follows:

"The judgment creditor receives nothing from the costs portion of the fund except what he has advanced. He did not enforce collection of the remainder on his own account. He did so, in a remote sense, as a trustee holding legal title, but acting for beneficiaries—the clerk, the sheriff, witnesses, and others. Such persons have a property interest in costs taxed for their benefit, of which they cannot be deprived without their consent."

The Legislature has not attempted to divert these costs to some channel other than the usual one.

The judgment is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and HURST, DAVISON, and DANNER, JJ., concur. RILEY, OSBORN, and CORN, JJ., absent.