Dear Director Funston
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
1. Is an agency of the State of Oklahoma required to pay courtreporter fees for the transcription of a record?
 2. May an agency of the State of Oklahoma obtain a copy of therecord on appeal without cost?
 I.
¶ 1 Your question asks whether court reporter transcription fees must be paid by an agency of the State of Oklahoma. InState ex rel. Commissioners of Land Office v. Johnson,25 P.2d 659 (Okla. 1933), the Oklahoma Supreme Court cited State ex rel.C.T. Pollard, Jr. v. Willis Brewer, Auditor, 59 Ala. 130 (1877), for the following authority:
 Those who accept public offices which require them to render services to the State, must take the office cum onere. The rendition of such service is gratuitous, unless by express statutory provision compensation is fixed, and an express liability for its payment imposed on the State.
¶ 2 The Court went on to state that:
 [T]he various public officers of the state, who are charged with the performance of public duties, are subject to the command of the sovereign, and must perform such duties as are imposed upon them, and must point to specific statutory authority for any compensation. Before any servant of the sovereign may exact a fee for his services, the sovereign must have first agreed that such fees might be exacted of it, and in our form of government such agreement must be by specific legislative enactment.
26 P.2d at 661.
¶ 3 Court reporters are required to take an oath of office. 20O.S. 106.2 (1981). The official court reporters are paid a salary by the State. 20 O.S. 106.9 (1988). Court reporters are officers or servants of the State. Cherry v. Brown, 192 P. 227
(Okla. 1920).
¶ 4 Court reporters have a statutory duty to make a full reporting by stenographic and/or other acceptable means of all proceedings to which they are assigned unless excused by the judge with the consent of the parties. 20 O.S. 106.4(a) (1981).
¶ 5 Furthermore the court reporters are required to transcribe the proceedings as requested or ordered and are authorized to exact a fee for such services. Title 20 O.S. 106.4(b) (1981) provides in pertinent part:
 Upon request of either party in a civil or criminal case the reporter shall transcribe the proceedings . . . certify to the correctness of the transcript, and deliver the same in accordance with the rules of the Supreme Court. The fee for an original transcript shall be Two Dollars per page. . . . The fees for making the transcript shall be paid in the first instance by the party requesting the transcript and shall be taxed as costs in the suit.
¶ 6 Therefore, by the provisions of 20 O.S. 106.4(b) (1981), court reporters have specific legislative authority to exact a fee for preparing a transcript of the record.
¶ 7 It is a general and well established rule that neither the State of Oklahoma, nor any department thereof, is required to pay costs or fees associated with the prosecution, defense, or appeal of lawsuits brought in any Oklahoma Court. State ex rel. BankCommissioner v. Crum, 94 P.2d 231 (Okla. 1939). The same rule is not applicable to the payment of fees to a court reporter for preparation of a transcript of a record.
¶ 8 The terms `fees' and `costs' are often used interchangeably, although they are altogether different in their general nature. Costs are the allowance to a party of expenses incurred in the successful prosecution or defense of a lawsuit. Fees are compensation to an official for services rendered.Bohart v. Anderson, 103 P. 742 (Okla. 1909). The State of Oklahoma and its departments are not required to pay any court imposed expense when litigating a lawsuit in any court in Oklahoma. 12 O.S. 66 (1981).
¶ 9 However, the fees associated with transcribing a record are not imposed on the requesting party by any court within the State of Oklahoma. Such fees are compensation for services for which court reporters have specific statutory authority to exact.
 II.
¶ 10 Your second inquiry concerns whether an agency of the State of Oklahoma must pay for a copy of the record on appeal. As set forth above, neither the State of Oklahoma nor any of its departments are liable for court costs and fees unless statutorily mandated. Moreover, title 12 O.S. 66 (1981) specifically provides in pertinent part:
 Whenever an action is filed in any of the courts in the State of Oklahoma by the State of Oklahoma, or by direction of any department of the State of Oklahoma, no bond, including costs . . . shall be required from the State of Oklahoma or from any party acting under the direction aforesaid, either to prosecute said suit, answer or appeal same.
 ¶ 11 It is, therefore, the official opinion of the AttorneyGeneral that an agency of the State of Oklahoma must pay fees tothe court reporter for preparation of a transcript; however,neither the State of Oklahoma nor any of its departments isrequired to pay costs in order to obtain a copy of the record onappeal.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
TAMMY M. THOMPSON ASSISTANT ATTORNEY GENERAL