GRAND RIVER DAM AUTHORITY
v. GRAND-HYDRO et al.

No. 29815.   March 10, 1941.

*111 P. 2d 488.*

R. L. Davidson, of Tulsa, Q. B. Boydstun and Jesse L. Ballard, both of Vinita, and Gayle M. Pickens, of Miami, for plaintiff in error.

W. Hendrex Wolfe, County Atty., of Jay, and T. L. Marteney, of Pryor, for defendants in error.

Harve N. Langley and A. L. Battenfield, both of Pryor, and Frank Nesbitt, of Miami, of counsel, who assisted in the brief.

RILEY, J.   Grand River Dam Authority appeals from a judgment denying mandamus sought to compel the clerk of the district court of Delaware county to accept awards made by commissioners in condemnation proceedings without deposits for costs.

The Authority commenced proceedings to condemn lands in Delaware county. Commissioners appointed made awards as to separate tracts of land in the total amount of $4,533.64. The Authority made an initial deposit for costs and additions amounting to $400, but at the time of the awards the costs accrued amounted to $738.88. The Authority mailed checks to the court clerk in the amount of the awards ($4,533.64), which the court clerk refused to accept, demanding first additional costs due, in the sum of $357.22, which would include 1 per cent. of the amounts awarded, levied as costs for paying it out. These proceedings ensued, resulting in an order directing the Authority to pay the costs and denying the writ of mandamus, from which it appeals.

The Authority is a governmental agency, article 4, chap. 70, S. L. 1935, with power to sue and be sued. Its transactions are akin to those of private enterprises, and the mere fact that it is an agency of the government does not extend to it the immunity of the sover-

eign. Pittman v. Home Owners' Loan Corp., 308 U. S. 21, 60 S. Ct. 15; Sloan Shipyards v. U. S. Fleet Corp., 258 U. S. 549, 66 L. Ed. 762, 42 S. Ct. 386. There is nothing in the act creating the Authority which suggests any intention of the Legislature that in suing or being sued the Authority should not be subject to the ordinary incident of litigation in being liable for costs which might properly be awarded against a private party in a similar action.

As to freedom of the state from legal responsibility, see State ex rel. Com'rs of the Land Office v. Johnson, Sheriff, 165 Okla. 190, 25 P. 2d 659; Keifer & Keifer v. Reconstruction Finance Corp., 306 U. S. 381, 59 S. Ct. 516. In the latter case it was held that: "because the doctrine gives the government a privileged position, it has been appropriately confined." But see Natalbany Lumber Co., Ltd., v. Louisana Tax Commission, 175 La. 110, 143 So. 20, extending the immunity of costs to a state board, public officer and governmental agency.

However, federally, "the government does not become the conduit of its immunity in suits against its agents or instrumentalities merely because they do its work." The Keifer Case, supra.

The Legislature may bestow its immunity upon its instrumentality, but the issue is whether it has done so. As to the agency, immunity is not presumed but is strictly construed. Federal Housing Administration v. Burr, 309 U. S. 242, 60 S. Ct. 488.

Authority of such an agency to sue and be sued without more presupposes a liability for the ordinary incidents of an action or special proceedings. Section 511, O. S. 1931, 12 Okla. Stat. Ann. § 921, requires court clerks to assess and collect various fees as court costs, and section 1034, O. S. 1931, 28 Okla. Stat. Ann. § 31, among other items, allows a cost of 1 per cent. for "Receiving and paying out money in pursuance to law, or order of court. . . ."

Section 11934, O. S. 1931, 66 Okla. Stat. Ann. 56, a part of article 1, chap. 63, O. S. 1931 (§§ 11931-11941), 66 Okla. Stat. Ann. §§ 53 to 63, inclusive, relating to condemnation proceedings made applicable to the Authority as created by subdivision "f" of section 2, art. 4, chap. 70, S. L. 1935, specifically provides for appeals and particularly specifies that "the corporation shall in all cases pay the costs and expenses of the first assessment."

Consequently there is no escape from the conclusion that those exercising the right of eminent domain under these provisions must in all cases pay the costs and expenses of the first assessment.

It may be plausibly contended that the fee of 1 per centum hereinbefore described is not a part of the cost and expenses of the first assessment; that the first assessment necessarily ends with the filing of the final report of the commissioners.

However, payment of costs by a litigant is manifestly an incident of the power to sue, and especially the liability of being sued, and a court's allowance of a fee for receiving and paying out money in accordance with law and equity practice is also an incident. Sprague v. Ticonic Bank, 307 U. S. 161, 59 S. Ct. 777.

The Authority cannot exercise the powers as conferred upon it, avail itself of judicial process and, in the absence of legislation relieving it, escape the usual incidents of litigation that fall upon private litigants. It must pay the costs. Reconstruction Finance Corporation v. J. G. Menihan Corp. et al. (Feb. 3, 1941) 61 S. Ct. 485, 85 L. Ed.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur.