Public Trust — Fire Department — Creation — Liability Although the Board of County Commissioners cannot create a trust, it can accept the beneficial interest in a public trust as provided in 60 O.S. 176 [60-176] (1961). It would not possess governmental immunity from suit or liability. The Attorney General is in receipt of your recent letter in which you ask: "Does the Board of County Commissioners of a county have the authority to establish a Fire Department Trust or "Fire Authority." capable of furnishing fire protection to rural areas, contracting with towns and villages, have the power to buy, sell, and/or hold title to real estate in their corporate name, sue and be sued, possess governmental immunity, become affiliated with the State Fireman's Pension Fund, and if so, how, and if the answers to the foregoing are in the affirmative, can this be established and handled by Resolution of the Board of County Commissioners of a respective County?" Before we consider your question as a whole, we must answer one part of your question in the negative. Firemen hired by a county fire department or by a fire department trust cannot, under present law, become affiliated with the Firemen's Relief and Pension Fund, 11 O.S. 361 [11-361] (1961), et seq. Section 11 O.S. 364 [11-364] of that title provides that: "Any person who . . . shall have been duly appointed and enrolled as a member of any regularly constituted Fire Department of any city or town of the State . . . shall be entitled, upon written request, to retire from such service and to be thereon paid from the Firemen's Relief and Pension Fund a monthly pension . . . ." (Emphasis added) No mention is made in this or any other section of the statutes of firemen other than those of an incorporated city or town, and in addition, section 361 specifically states: ". . . this chapter 11 O.S. 1961 Sections 361-380[11-361-380] [11-361] — [11-380] shall not apply to any city or town where no regularly organized fire department is maintained, nor to any city or town where the fire department has fire-fighting apparatus of less than $1,000.00 value." Your attention is also directed to Article V, Section 41 Oklahoma Constitution, which provides: "The Legislature may enact laws authorizing cities to pension meritorious and disabled firemen." The Legislature obviously intended the provisions of the Firemen's Relief and Pension Fund to apply only to firemen employed in regularly constituted fire departments of incorporated cities and towns; in fact, its constitutional authority is limited thereto. It is the opinion of the Attorney General, then, that county firemen cannot become affiliated with the Firemen's Relief and Pension Fund. We are of the further opinion that a Fire Department Trust or Fire Authority may be created with the county as the beneficiary of the trust. 60 O.S. 176 [60-176] through 60 O.S. 180 [60-180] (1961), the editorial caption of which is "Trusts for the Furtherance of Public Functions" provides that: "Express trusts may be created . . . with the State, or any county . . . as the beneficiary thereof, and the purpose thereof may be the furtherance, or the providing of funds for the furtherance, or any authorized or proper function of the said beneficiary. . . ." Authority has been given in 19 O.S. 351 [19-351] (1961); 19 O.S. 351.1 [19-351.1] (1967), and 19 O.S. 901.1 [19-901.1] through 19 O.S. 901.26 [19-901.26] [19-901.26] (1961), to counties to provide fire protection service to unincorporated areas within the county in a variety of ways. We do not feel, though, that these methods are necessarily exclusive of all others. As the Supreme Court of Oklahoma said in Board of County Commissioners v. Warram, 285 P.2d 1034: "We think that when the legislature assigned a field of governmental activity to a State subdivision, here a county, as has been done as to fire protection, water distribution and sewerage, but has provided only a single method for the county to perform such functions, the character of the functions is not limited to the single method provided, but that the legislature may properly provide for other methods of attaining the same purposes. . . . "If a trust may be created for the furtherance of any `authorized or proper' function of the county, and counties are expressly authorized to function in the fields of furnishing water, fire protection and sewerage services for its inhabitants, and section 176, supra, provides that trusts may be created to perform `authorized and proper' functions with the county as beneficiary, we find no objection to the view that trusts are authorized by section 176 to perform authorized and proper functions of counties, and that the word `proper' means additional methods which may be authorized by the legislature as was done by section 176 . . . ." The mode of creation of the trust is set out in 60 O.S. 177 [60-177] (1961), as follows: "Such trusts may be created by written instruments, or by will. In case of written instruments, the same shall be subscribed by the grantor or grantors and duly acknowledged as conveyances of real estate are acknowledged, and before the same shall become effective, the beneficial interest therein shall be accepted by the Governor, if the State be the beneficiary, or by the governing body of any other beneficiary named therein . . . ." The section further provides that the instrument or will, and the written acceptance of the beneficial interest endorsed thereon, shall be recorded in the office of the county clerk in each county in which real property of the trust is situated. Since no other manner of acceptance was provided, acceptance may be made by simple resolution of the Board of County Commissioners. We cannot here delineate all the powers which this public trust might possess, for this would depend upon the trust instrument and could well include contingencies which we might not anticipate at this moment. We would note, though, the provision of 60 O.S. 179 [60-179] (1961), to the effect that the trustees appointed in the trust instrument become agents of the state and the regularly constituted authority of the beneficiary for the performance of the functions for which the trust was created. We would stress, too, that section 179 prohibits the trustees of the public trust obligating in any way the general funds of the beneficiary county. It is the opinion of the Attorney General that although the Board of County Commissioners cannot create a trust, the Board is authorized to accept the beneficial interest in a public trust or authority, in the manner provided in section 176, supra, for the purpose of providing fire protection service to rural areas, towns and villages of their county on a contract basis; that the fire department trust or authority could have the power to buy, sell or hold title to real estate and sue and be sued if such powers are included in the trust instrument. In the case of Grand River Dam Authority v. Grand-Hydro, et al., 188 Okl. 506,111 P.2d 488, the court said: "The Authority is a governmental agency with the power to sue and be sued. Its transactions are akin to those of private enterprises and the mere fact that it is an agency of the government does not extend to it the immunity of the sovereign." The Legislature may bestow its immunity upon its instrumentality but the issue is whether or not it has done so. In the public trust act it appears the Legislature has not only failed to bestow the state's immunity on public trusts, but has specifically provided otherwise in 60 O.S. 179 [60-179] (1961), which in part provides: ". . . any act, liability for any omission or obligation of a trustee or trustees, in the execution of such trust, or in the operation of the trust property, shall extend to the whole of the trust estate, or so much thereof as may be necessary to discharge such liability or obligation, and not otherwise." It is the opinion of the Attorney General that any fire department trust or authority created with a county as beneficiary under the provisions of 60 O.S. 176 [60-176] (1961), et seq., would not possess governmental immunity, from suit or liability. We, in no way, pass upon the validity of the instrument to be executed, nor imply that conditions and qualifications to the creation of the trust suggested here are in any way exclusive of any others not considered, or those which might attach by operation of law or construction by courts of law. (W. J. Monroe)