STATE of Oklahoma ex rel. DEPARTMENT OF HIGHWAYS of the State of Oklahoma, Appellant,

v.

Tom MARSHALL and Thada Marshall, husband and wife, et. al., Appellees.

No. 46570.

Supreme Court of Oklahoma.

Nov. 26, 1974.

As amended Jan. 27, 1975.

Rehearing Denied Jan. 28, 1975.

Floyd W. Taylor, Gen. Counsel, James D. Payne, Oklahoma City, Asst. Chief, Legal Div. and James E. Walker, Legal Intern, Oklahoma Dept. of Highways, for appellant.

E. C. Nelson, Muskogee, for appellees.

WILLIAMS, Vice Chief Justice.

This is an appeal by the State of Oklahoma, ex rel. Department of Highways, from an order and judgment of the District Court of Muskogee County, Oklahoma, requiring the Department to pay the "poundage fee" provided for in 28 O.S.1971, § 31 (1% with a $200 limit) and court costs after eminent domain proceedings in that court in which the Department condemned certain lands for use as a highway right of way. In those proceedings, the land owners refused to accept the $20,445 awarded by the commissioners, which had been deposited with the court clerk, and demanded a jury trial which resulted in an award of $37,890. The award itself has been paid and this appeal concerns only the portion of the judgment requiring the Department to pay the poundage fee of $200 and $20 in court costs.

In its brief in this Court, the Department takes the position that no statute of this state expressly makes the state liable for the costs here concerned, and seeks the benefit of the well-settled general rule stated as follows in 20 Am.Jur.2d Costs, § 32:

"* * * The rule, as generally stated, is that a sovereign state, in suits to which it is a party in its own courts, is not liable for costs in the absence of an *express* statute creating such liability. Statutory authorization for imposition of costs must be express; it cannot be implied from general statutes relating to costs * * * but which do not in *express* terms mention the state." (Emphasis added).

However, the Department's brief does not specifically deal with what we consider to be the determinative question in this case regarding the poundage fee, which is whether the following language of 69 O.S. 1971, § 1203(f), constitutes express statutory authority for the payment of said fee:

"* * * The Department shall in all cases pay the costs and expenses of the first assessment * * *."

For the reasons set out below, we hold that it does.

Our statutes regarding the power of eminent domain were taken largely from C. L.Dak.1887, and the procedural provisions were set out in a chapter extending the power to railroad corporations; see, Session Laws of 1907–1908, page 260. These provisions were codified in the Revised Laws of 1910 as § 1400 et seq., a portion of Ch. 15, Art. XIII, on "Railroad Corporations". R.L.1910, § 1403, now codified without change as 66 O.S.1971, § 56, includes the following sentence: "The corporation shall in all cases pay the costs and expenses of the first assessment."

For many years after statehood, in statutes extending the power of eminent domain to other entities and instrumentalities, our Legislature followed the practice of providing merely, with regard to procedure, that the power should be exercised "in like manner as railroad [corporations]", or similar language. See, for instance, 27 O.S.1971, § 5 (county, city, town, etc.); 82 O.S.1971, §§ 1501–1502, subd. a(5) (conservation districts); 18 O.S. 1971, § 515 (ditch corporation); 52 O.S. 1971, § 61 (oil pipline companies).

In 1924 the Legislature extended the power of eminent domain to the new State Highway Commission, with a provision that it should be exercised "in the manner as provided by law for the exercise of the right of eminent domain by railroad corporations in this State." See Session Laws of 1923–1924, page 56. The quoted phrase has the effect of making applicable to Highway Commission condemnation proceedings the provision of the railroad condemnation statutes that "The corporation shall in all cases pay the costs and expenses of the first assessment". Because of the use of the word "corporation" (meaning railroad corporation) in this sentence, it could not be said to be *express* authority for the payment of costs by the state under the rule set out in the second paragraph of this opinion.

However, in 1949, in Senate Bill No. 295, the Legislature enacted a statute which for the first time included all of the procedural provisions to be followed in the exercise of the power of eminent domain by the Highway Department, without reference to the railroad condemnation statutes. This statute included a sentence providing that "The Department of Highways shall in all cases pay the costs and expenses of the first assessment". See Session Laws of 1949, page 498; 69 O.S.1951, § 46(6).

In Grand River Dam Authority v. Grand-Hydro, 188 Okl. 506, 111 P.2d 488 (1941) and again in Kelly v. Oklahoma Turnpike Authority, Okl., 269 P.2d 359 (1954) this Court held that the phrase "the costs and expenses of the first assessment", as used in condemnation statutes, included the poundage fee provided for in 28 O.S.1971, § 31. In the latter case, the first paragraph of the syllabus by the Court is in pertinent part as follows:

"The poundage fee charged by court clerks * * * for receiving and paying out money deposited by the condemnor to satisfy the commissioners' award as a prerequisite to taking possession of property in exercise of the right of eminent domain, is a part of the costs of the first assessment within the meaning of statutes * * * requiring that the condemnor 'shall in all cases pay the costs and expenses of the first assessment' ".

In 1968 our Legislature enacted a new Oklahoma Highway Code; see 69 O.S. 1971, § 101 et seq. Included in § 1203(f) thereof was the language previously quoted herein to the effect that "The Department shall in all cases pay the costs and expenses of the first assessment * * *".

In Larkin v. Hittenmeyer, 195 Okl. 669, 161 P.2d 749 at 751, this Court quoted 59. C.J. at page 1061, to the following effect:

"Where a statute that has been construed by the courts of last resort has been reenacted in same, or substantially the same terms, the legislature is presumed to have been familiar with its construction, and to have adopted it as a part of the law, unless a contrary intent clearly appears, or a different construction is expressly provided for, and the same rule applies in the construction of a statute enacted after a similar or cognate statute has been judicially construed."

To the same general effect, see Horath v. Pierce, Okl., 506 P.2d 548; 82 C.J.S. Statutes § 370b; 73 Am.Jur. Statutes, § 322; and 77 A.L.R.2d 351.

■ We hold that the provision of 69 O.S.1971 § 1203(f) requiring that the Department " * * * shall in all cases pay the costs and expenses of the first assessment * * *", having been adopted by our Legislature after it had been settled by judicial construction that the quoted phrase includes the poundage fee, constitutes express authority for the payment of said fee by the Department.

■ As to that portion of the trial court's judgment assessing additional costs against the Department, it is to be noted that the Legislature has specifically required by provisions of 69 O.S.1971 § 1203(f) that "The Department shall in all cases pay the costs and expenses of the first assessment, including the cost of the

commissioners' fees and expenses, for their services  *  *  *."

In the same sub-section it is further provided that "in no case shall the Department be liable for the costs on such review or appeal [by either party from the decision of the district court on exceptions to the Report of Commissioners, or jury trial] unless the owner of the real property shall be adjudged entitled, upon either review or appeal, to a greater amount of damages than was awarded by the commissioners." It appears that the Legislature intended that in the opposite event (owner is entitled to a greater amount than commissioners' award) costs would be payable by the Department, and we so hold. The trial judge so held and we agree. It is not the intention of this Court, however, that this interpretation is to have retroactive effect in cases other than the present appeal.

The judgment of the trial court is affirmed.

DAVISON, C. J., and BERRY, HODGES, LAVENDER, BARNES and DOOLIN, JJ., concur.

IRWIN, J., concurs in part and dissents in part.