STATE of Oklahoma, ex rel., OKLA-
HOMA DEPARTMENT of PUB-
LIC SAFETY, Appellee,

v.

FIVE THOUSAND EIGHT HUNDRED
NINE DOLLARS ($5,809.00) IN UNIT-
ED STATES CURRENCY, Respondent,

and

J. Gerado Solis–Avila, Appellant.

No. 75023.

Released for Publication by Order of the
Court of Appeals of Oklahoma, Division No. 3.

Court of Appeals of Oklahoma,
Division No. 3.

Sept. 3, 1991.

Matt Dowling, Oklahoma City, for appellant.

Lisa K. McLaughlin, Oklahoma City, for appellee.

## OPINION

HANSEN, Presiding Judge:

J. Gerado Solis–Avila (Solis) appeals from the trial court's denial of his Motion for Attorney Fees and Costs. We affirm.

Appellee, Department of Public Safety (Department), initiated this action, pursuant to 63 O.S.Supp.1989 § 2–503, for forfeiture of United States currency seized from Solis.

After an evidentiary hearing, the trial court dismissed the action without making specific findings, but reserved the question of attorney fees for briefing and a subsequent hearing. Following the later hearing, the trial court denied the Motion for Attorney Fees and Costs. Solis appeals from that determination. There was no appeal from the trial court's dismissal of the action.

Solis contends he is entitled to recover attorney fees and costs in accordance with, alternatively, 12 O.S.1981 § 936, 12 O.S.Supp.1987 § 941, or 12 O.S.Supp.1987 § 2011.

■ It is well established that attorney fees ordinarily are not recoverable in the absence of statutory authority or enforceable contract. *Sisney v. Smalley*, 690 P.2d 1048 (Okla.1984). Additionally, in an action in which it is a party in its own courts, the state is not liable for costs unless expressly provided by statute. *State ex rel. Department of Highways v. Marshall*, 530 P.2d 1023 (Okla.1975).

■ Referring specifically to Solis' allegations, we may summarily dispose of Solis' contention regarding 12 O.S.1981 § 936. Despite the seized currency being "bills" or "notes" within some possible definitions, this action is clearly not one "on certain accounts, bills and contracts" as contemplated by § 936.

The remaining two authorities propounded by Solis require a factual determination by the court. The first, 12 O.S.Supp.1987 § 941, provides:

A. The defendant in any civil action brought in any court of this state by any state agency, ... shall be entitled to recover against such state entity court costs, witness fees and reasonable attorney fees if the court determines that the action was brought *without reasonable basis or is frivolous*. ... (emphasis supplied)

Similarly, 12 O.S.Supp.1987 § 2011, mandates that the court shall impose reasonable expenses, including attorney's fee, where a pleading, motion, or other paper is signed in violation of the statutory rule making the signature a certification that:

... (the signer) has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law, ... and that it is not interposed for any improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. ...

■ While both § 941 and § 2011 contain mandatory, rather than discretionary, language regarding attorney fees and costs, each requires a threshold factual determination by the trial court that a party has acted improperly.

■ In support of his arguments alleging Department's impropriety, Solis equates the trial court's dismissal with a finding of unreasonable or frivolous conduct under § 941, or a finding the action was not grounded in fact or warranted by existing law under § 2011. We disagree.

Although not expressly stated, the record reflects the trial court based its dismissal upon a determination the currency in question was illegally seized, as alleged in Solis' Motion to Dismiss, and was therefore excluded from being introduced in evidence. Before dismissing the action,

the court considered only those facts immediately surrounding the seizure. This limited examination was appropriate for the preliminary question at issue.

However, the Department's initiation of this forfeiture action, and any resulting liability for attorney fees and costs, must be examined in light of all the information available to Department at the time the action was filed, and the permissible inferences to be drawn from those facts.

In considering the reasonableness of Department's initiation of this action, we must also take into account the substantive statutory basis and evidentiary burden of proof for such action.

Under 63 O.S.Supp.1989 § 2–503(A)(6), the following are subject to forfeiture:

All things of value furnished or intended to be furnished, in exchange for a controlled dangerous substance in violation of the Uniform Controlled Dangerous Substances Act, all proceeds traceable to such an exchange,

. . . . .

At the hearing in proceeding against such property, the state must establish its case by a preponderence of the evidence. 63 O.S.Supp.1988 § 2–506(G).

The facts Department presents in support of the seizure were that Solis was traveling on Interstate 35, a known drug trafficking thoroughfare; he fit the drug trafficker "profile" developed through law enforcement experience in the area; the majority of the currency was found in a paper bag and was rolled in several bundles of varying denominations, another drug trafficker practice; approximately $500.00 was wadded up in various pockets; and Solis gave varying explanations for the source of the money, which explanations could not be verified when the troopers attempted to do so through telephone conversations with individuals named by Solis.

There were other matters in the record which the trial court did not consider in ordering dismissal. Within 24 hours of seizure a trained drug sniffing dog alerted on the currency during a controlled test. It is arguable this establishes the seized currency was in close proximity to controlled dangerous drugs, and was therefore part of, or traceable to, an exchange of such drugs for the currency in violation of the Uniform Controlled Dangerous Drugs Act.

Further, at the time of seizure, Solis was advised the currency would be promptly returned to him upon presentation of proof of its allegedly legitimate origins. While Solis made both verbal and written demands for return of the money, there is no evidence he offered proof of its source, nor attempted to otherwise bolster his prior explanations.

■ Although neither of these factors are definitive, they may be properly considered in the aggregate of facts when evaluating the reasonableness of Department's actions.

The question of a successful claimant's right to an award of attorney fees and costs in a forfeiture action has not been decided in Oklahoma. However, other jurisdictions have addressed similar issues.

The Court of Appeals of Oregon considered an analogous question in an action by a state agency to recover money allegedly wrongfully paid to a claimant for disability benefits. *SAIF v. Harris*, 69 Or. App. 736, 687 P.2d 1119 (1984). In construing an Oregon statute with language similar to 12 O.S.Supp.1987 § 941, the Court held its earlier determination—that the Oregon trial court did not have jurisdiction to award the agency damages—did not imply the agency acted without reasonable basis in law or fact. Further, the Court stated, "the agency's action under the facts as found by the agency must be such that a reasonable agency would not have so acted". The Oregon Court found such a conclusion was not warranted, in that a reasonable agency would have attempted to recover the funds and could have construed the applicable law to have allowed it to maintain the action.

In another analogous case, *Board of County Commissioners of the County of Jefferson v. Auslaender*, 745 P.2d 999 (Colo.1987), the Supreme Court of Colorado interpreted a statute with very similar lan-

guage to 12 O.S.Supp.1987 § 941. That Court stated the "without reasonable basis" test "assumes that the proponent has a valid legal theory but can offer little or nothing in the way of evidence to support the claim". The Court also observed that a claim is frivolous "if the proponent can present no rational argument based on the evidence or law in support of that claim". *Auslaender,* at 1001.

In his argument based on the tests found in *Auslaender,* Solis makes the conclusional assertion that Department could offer little or nothing to support its claim that the forfeiture proceeding had a reasonable basis or was not frivolous. Again, Solis inappropriately relies upon the trial court's dismissal of the action, and the limited evidence it considered for that purpose, to support his argument Department was unreasonable, or acted without reasonable basis, in filing the action. For that reason his argument is unpersuasive.

However, we do find *Auslaender* instructive in another respect. The Colorado Supreme Court noted:

It is axiomatic that an appellate court cannot substitute itself as a finder of fact.... It was the prerogative of the district court to determine in the first instance whether the county's condemnation action was or was not "without reasonable basis" or "frivolous" ...

■ The legal authorities cited by Solis dictate a trial court determination on the facts as a prerequisite to award of attorney fees. The trial court denied the Motion for Attorney Fees after having heard and reviewed the evidence, and after briefing and argument on applicable law. That determination is supported by the evidence and law we have before us.

We are not persuaded Department acted without reasonable basis, or that the initiation of the action was frivolous or for improper reasons. It is the moving party's burden to prove the requested attorney fees are authorized. *Cory v. City of Norman,* 757 P.2d 851, 852 (Okla.App.1988).

The trial court's finding that Solis did not meet that burden is AFFIRMED.

HUNTER, C.J., and JONES, J., concur.