2002 OK CIV APP 72

STATE of Oklahoma ex rel. DEPART-
MENT OF TRANSPORTATION,
Plaintiff/Appellee,

v.

OPUBCO, INC., a Delaware Corporation;
and the County Treasurer for Oklahoma
County, Defendants,

and

Patricia Presley, Oklahoma County
District Court Clerk, Real Party
In Interest/Appellant.

No. 96,537.

Court of Civil Appeals of Oklahoma,
Division No. 4.

April 23, 2002.

Certiorari Denied June 25, 2002.

Mark J. Caywood, Mark James Caywood,
P.L.L.C. Oklahoma City, OK, for Plain-
tiff/Appellee.

Timothy E. Rhodes, Oklahoma City, OK,
for Real Party In Interest/Appellant.

Opinion by JOE C. TAYLOR, Presiding
Judge.

¶ 1 The Court Clerk of Oklahoma County
(Court Clerk) seeks review of the trial court's
denial of its motion seeking court costs from
the State of Oklahoma ex rel. Department of
Transportation (ODOT). Based on our re-
view of the record, the parties' briefs, and
the applicable law, we affirm.

¶ 2 This matter originated as a condemna-
tion proceeding filed by ODOT against
OPUBCO, Inc., in January 1999.[1] The prop-
erty at issue was appraised and a commis-
sioners' report was filed. ODOT objected to
the commissioners' award and filed a demand

---

1. Our recitation of the facts and procedural fil-
ings preceding the Court Clerk's motion is based
in large part on the undisputed facts gleaned
from the parties' appellate briefs. *See Brock v.*
*Thompson,* 1997 OK 127, n. 4, 948 P.2d 279, 283
(admissions made in briefs considered as supple-
menting and curing an otherwise deficient appel-
late record).

for a jury trial. The demand was subsequently withdrawn, pursuant to an agreed settlement with OPUBCO, for an amount less than the commissioners' award. Court Clerk thereafter filed a motion seeking a court order requiring ODOT to pay statutory court filing costs pursuant to 28 O.S.2001 §§ 152 and 152.3. The trial court denied the motion, relying on a 1978 opinion of the Oklahoma Attorney General, Op. 78–280, which construed 69 O.S. Supp.1978 § 1203(f) as exempting ODOT from liability for court costs and poundage fees in condemnation cases, except "in the event of an appeal resulting in a jury verdict in excess of the commissioners' original award."

¶ 3 This appeal followed, with Court Clerk asserting the trial court erred by failing to reject the Attorney General's interpretation, and by refusing to assess court costs against ODOT pursuant to state statutes. The issue for review thus requires us to examine the Attorney General opinion and construe the state statutes on which the trial court's and the Attorney General's respective decisions were based. Statutory construction presents an issue of law for resolution and therefore is reviewed de novo on appeal. *Weeks v. Cessna Aircraft Co.,* 1994 OK CIV APP 171, ¶ 5, 895 P.2d 731, 732–33 (approved for publication by the Oklahoma Supreme Court). An appellate court claims for itself plenary, independent, and non-deferential authority to re-examine legal rulings. *Id.* at ¶ 5, 895 P.2d at 733.

¶ 4 There are a number of Oklahoma statutes relevant to resolving the issue in the case at bar. First, however, we note the general principle, also true at common law, that the state as sovereign is not liable for costs in the absence of a statute authorizing an award of costs against the state in specific circumstances. *See State ex rel. Dep't of Highways v. Marshall,* 1974 OK 150, ¶ 2, 530 P.2d 1023, 1024; *State ex rel. Dep't of Pub. Safety v. $5,809.00 in U.S. Currency,* 1991 OK CIV APP 82, ¶ 5, 817 P.2d 750, 751; 20 Am.Jur.2d *Costs* § 39 (1995); *but see Sholer v. State ex rel. Dep't of Pub. Safety,* 1999 OK CIV APP 100, ¶¶ 17–19, 990 P.2d 294, 300.

¶ 5 In Oklahoma, a number of statutes have been enacted to serve this function.

Title 12 O.S.2001 § 66(A), though it exempts state agencies from pre-paying, or advancing, court costs, further provides that, in the event of "an adverse decision," costs *are* taxable against the state, and in its final order the court should direct "the nonprevailing party to pay all costs of the action." Title 28 O.S.2001 § 152(A) imposes certain flat fees as mandatory, non-refundable court costs in certain cases, including condemnation proceedings, and 28 O.S.2001 § 152.3, dealing specifically with court costs in condemnation proceedings, provides that "[e]very condemnor, be it the state, a political subdivision thereof, or a private entity," is liable for court costs in such proceedings. Section 152.3 also allows public entities such as ODOT, which are "restricted by law from advancing costs," to file condemnation proceedings without pre-payment of costs, though at the termination of the case "the court clerk will render to the condemnor an itemized bill for costs and shall claim payment of all costs due in the case."

¶ 6 Particularly applicable to this matter is 69 O.S.2001 § 1203(f), which states, with reference to costs related to district or appellate court review of a commissioners' award in ODOT condemnation cases, that:

[I]n no case shall the [ODOT] be liable for the costs on such review or appeal *unless the owner of the real property shall be adjudged entitled, upon either review or appeal, to a greater amount of damages than was awarded by the commissioners.* The [ODOT] shall in all cases pay the cost of the commissioners' fees and expenses, for their services, as determined and ordered paid by the judge of the district court in which such case is pending, *however, poundage fees and condemnation fees shall only be paid by the [ODOT] in the event of appeal resulting in a jury verdict in excess of the commissioners' award....*

(Emphasis added.)

¶ 7 Enacted as part of the Oklahoma Highway Code in 1968, § 1203(f) at the time contained a provision stating that ODOT "shall in all cases pay the costs and expenses of the first assessment." The statute was based on a prior version of the statute that had been adapted from a state law concern-

ing condemnation by railroad corporations, and which was repealed and reenacted as part of the Highway Code of 1968. *State ex rel. Dep't of Highways v. Marshall,* 1974 OK 150, ¶¶ 8–11, 530 P.2d 1023, 1025–26. The prior version of the law had been interpreted generally as requiring a condemning authority to pay all of the costs associated with the initial filing of condemnation proceedings, including court costs and the court clerk's poundage fee. *See Grand River Dam Auth. v. Grand–Hydro,* 1941 OK 79, 111 P.2d 488; *Kelly v. Okla. Turnpike Auth.,* 1954 OK 112, 269 P.2d 359.

¶ 8 It was not until 1974, however, in *Marshall,* that the Oklahoma Supreme Court found "express authority" in § 1203(f) specifically requiring the state Highway Department (now the ODOT) to pay all "costs and expenses of the first assessment," 1974 OK 150, ¶ 13, 530 P.2d at 1025, and held that ODOT was liable not only for poundage fees but also for initial filing costs in the case.

¶ 9 In the following year, 1975, the Oklahoma Legislature amended § 1203(f) by deleting the phrase stating that ODOT would "in all cases pay the costs and expenses of the first assessment," and by adding the phrase, "however, poundage fees and condemnation fees shall only be paid by the [ODOT] in the event of appeal resulting in a jury verdict in excess of the commissioners' Award. . . ." 1975 Okla. Sess. Laws ch. 277 § 1. The measure was enacted as an emergency measure effective June 1, 1975, and, given its timing, appears to have been in direct response to the *Marshall* decision, which was issued November 26, 1974. Later in 1975, the legislature enacted § 152.3, which was not effective until October 1, 1975, and as noted above specifically provides that all condemnors, including the state, "shall be liable for poundage fee and court costs" except in certain situations involving inverse condemnation.

¶ 10 In 1978, the Attorney General interpreted these two statutory provisions in answer to a question asking whether 69 O.S. Supp.1978 § 1203(f) or 28 O.S. Supp.1978 § 152.3 prevailed "in determining under what conditions, court costs and poundage fees should be paid" by ODOT in condemnation

cases. The Attorney General reconciled the apparent conflict in the statutes by opining that, under rules of statutory construction, the specific prevails over the general, and, because § 1203(f) dealt specifically with the conditions under which ODOT would be liable for "poundage and condemnation fees," ODOT would be liable "for court costs and poundage fees only in the event of an appeal resulting in a jury verdict in excess of the commissioners' original award." Implicit in the Attorney General's conclusion is a determination that "court costs" were included in the term "condemnation fees."

 ¶ 11 Although an opinion by the Attorney General construing a state statute is not controlling, and the final construction of a statute rests with the court, the Attorney General's opinion is accorded great respect. *State ex rel. John L. Clifton, Dist. Attorney v. Reeser,* 1975 OK 126, ¶ 30, 543 P.2d 1379, 1384. In this instance we agree with the Attorney General's conclusion. As noted in its opinion, the primary goal of statutory construction is to ascertain the intent of the legislature. "The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed in the statute." *Jackson v. Indep. Sch. Dist. No. 16,* 1982 OK 74, ¶ 4, 648 P.2d 26, 29. It also is a general rule of construction that where two statutes deal with the same subject matter, one specific and one general, the specific statute controls, with both provisions being given harmonious effect. *City of Tulsa v. Smittle,* 1985 OK 37, ¶ 17, 702 P.2d 367, 371; *Beidleman v. Belford,* 1974 OK 72, ¶ 17, 525 P.2d 649, 651.

¶ 12 Reading the foregoing statutory provisions as a whole, and considering also the legislative reaction to the Supreme Court's decision in *Marshall,* we agree that the statute specifically on point with this situation, § 1203(f), imposes liability on ODOT for court costs only when a property owner is adjudged as being entitled to an amount greater than the commissioner's original award. The general tenor of the other procedural statute on costs is consistent with this view as well, with 12 O.S.2001 § 66 contemplating liability against the state for

costs only in the event of "an adverse decision." None of the situations contemplated by the statutes for imposition of costs against ODOT is presented in the case at bar, where the parties reached a settlement for less than the commissioners' award, prior to an award by verdict.

¶ 13 As noted above, it is implicit in the Attorney General's opinion and in our decision here that the phrase "condemnation fees" in § 1203(f) encompasses and includes the "court costs" associated with initial filing of a condemnation proceeding. The phrase "condemnation fees" is not defined in state statutes or prior case law. The plain meaning of the term appears to refer, without limitation, to all fees which might be associated with a condemnation proceeding in addition to the clerk's poundage fee. The parties direct us to no authority that would exclude "court costs" from being considered as just one of the many fees or potential fees associated with condemnation proceedings and, in fact, do not specifically argue this point at all. We thus consider court costs to be part and parcel of the "condemnation fees" referenced in § 1203(f) as being payable by ODOT "only ... in the event of appeal resulting in a jury verdict in excess of the commissioners' award."

¶ 14 We also note the Oklahoma Legislature, in another area, dealt specifically with the handling of costs in a situation in which the condemning authority and a landowner reach a settlement before trial. This is in the area of inverse condemnation, where 27 O.S.2001 § 12 provides that the court rendering judgment for a plaintiff in an inverse condemnation case, or the "state's attorney effecting a settlement" of such a proceeding, "shall determine an award or allow to such plaintiff, as a part of such judgment or settlement, such sum as will, in the opinion of the court or the acquiring entity's attorney ... reimburse such plaintiff for his reasonable *costs, disbursements and expenses*" incurred because of the proceeding. (Emphasis added.) Section 12 was enacted in 1972, and the Oklahoma Legislature presumably was aware of it in 1975, when it wrote and enacted 28 O.S. Supp.1975 § 152.3 and amended 69 O.S. Supp.1975 § 1203(f), yet it did not include a similar provision in the latter statutes. "[L]egislative silence, when it has authority to speak, may be considered as giving rise to an implication of legislative intent." *City of Duncan v. Bingham*, 1964 OK 165, ¶ 12, 394 P.2d 456, 460.

¶ 15 A state generally is not liable for costs in the absence of a specific authorizing statute. Here, in the situation presented, there is no specific statutory directive authorizing costs to be imposed against ODOT; in fact, the opposite situation appears to be the case. Therefore, ODOT is not required to pay court costs in a situation where it settles a case for less than the commissioners' original award to the land owners. The trial court's determination is, accordingly, affirmed.

¶ 16 AFFIRMED.

REIF, C.J., and STUBBLEFIELD, J., concur.