Dear Senator Morgan,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Does the Physical Therapy Practice Act ("Act"), 59 2001 Supp. 2003, §§ 887.1-887.18, authorize a physical therapist to treat human ailments by physical therapy under referral from a physician assistant?
¶ 1 Section 887.17 of Title 59 provides that persons licensed under the Act "shall treat human ailments by physical therapy only under the referral of a person licensed as a physician or surgeon with unlimited license and Doctors of Dentistry, Chiropractic and Podiatry, with those referrals being limited to their respective areas of training and practice." Id. § 887.17;see also 59 2001, § 887.13(1) (authorizing the State Board of Medical Licensure and Supervision to refuse, suspend or revoke a license for practicing physical therapy "other than under the referral of a physician, surgeon, dentist, chiropractor or podiatrist duly licensed to practice medicine or surgery"). "To interpret any statute, we begin with the plain language of the statute." Medina v. State, 871 P.2d 1379, 1382 (Okla. 1993). The goal "is to ascertain and give effect to the intent of the legislature. The law-making body is presumed to have expressed its intent in a statute's language and to have intended what the text expresses." Blitz U.S.A., Inc. v. Okla. Tax Comm'n,75 P.3d 883, 888 (Okla. 2003) (footnote omitted); see also Bishopv. Takata Corp., 12 P.3d 459, 466 n. 30 (Okla. 2000) ("The plain meaning of statutory language is conclusive except in the rare case in which literal construction will produce a result demonstrably at odds with the intention of the Legislature."). In this instance, the Legislature expressly provided that physical therapists may accept a referral from only "a person licensed as a physician or surgeon with unlimited license and Doctors of Dentistry, Chiropractic and Podiatry." 59 Supp. 2003, § 887.17. Because this "statute is plain and unambiguous, it will not be subject to judicial construction, but will be given the effect its language dictates." Blitz, 75 P.3d at 888. The list of professionals from whom a physical therapist may accept referrals does not include a physician assistant and no court "may expand the plain wording of a statute by construction where the legislature has expressed its intention in the statute as enacted." Toxic Waste Impact Group, Inc. v. Leavitt,755 P.2d 626, 630 (Okla. 1988).
¶ 2 We note Section 887.2(1) of the Act defines physical therapy as:
 [T]he use of selected knowledge and skills in planning, organizing and directing programs for the care of individuals whose ability to function is impaired or threatened by disease or injury, encompassing preventive measures, screening, tests in aid of diagnosis by a licensed doctor of medicine, osteopathy, chiropractic, dentistry or podiatry, or a physician assistant, and evaluation and invasive or noninvasive procedures with emphasis on the skeletal system, neuromuscular and cardiopulmonary function, as it relates to physical therapy. . . . Physical therapy also includes physical therapy treatment performed upon referral by a licensed doctor of medicine, osteopathy, dentistry, chiropractic or podiatry, or a physician assistant.
Id. Section 887.2, however, only defines "physical therapy"; it does not specifically authorize or prohibit specific practitioners from performing any specific form of physical therapy. See id. Sections 887.13(1) and 887.17 expressly prohibit physical therapists from accepting referrals from other than those professionals listed, and provide for penalties for violating those sections. See 59 2001, § 887.13(1); 59 Supp. 2003, § 887.17.
¶ 3 Even if the broad definition of "physical therapy" in 59 2001, § 887.2 were deemed to create ambiguity or conflict with Sections 887.13(1) and 887.17, recognized aids to statutory construction would lead to the conclusion that a physical therapist may not accept a referral from a physician assistant.See, e.g., World Publ'g Co. v. White, 32 P.3d 835, 842 (Okla. 2001) ("Only where the legislative intent cannot be ascertained from the statutory language, i.e. in cases of ambiguity or conflict, are rules of statutory construction employed."). One aid in determining legislative intent is the "maxim `expressio unius est exclusio alterius,' that the mention of one thing in a statute impliedly excludes another thing." Patterson v. Beall,19 P.3d 839, 845 (Okla. 2000).
 The Legislature expressly allowed one pretrial motion in the Small Claims Procedure Act — a motion to transfer the small claims action to another docket of the district court. The Legislature declined to allow for the filing of any other pretrial motions. From the Legislature's provision for one and only one pretrial motion we conclude the Legislature did not intend to allow motions for summary judgment in small claims actions.
Id. The fact that the Legislature expressly provided for referrals from physicians, surgeons, dentists, chiropractors or podiatrists duly licensed to practice medicine or surgery, implies exclusion of all other professionals, such as physician assistants.
¶ 4 Another rule of statutory construction is that "[l]aws addressing a specific situation are applied to the exclusion of more general laws." Wagnon v. State Farm Fire Cas. Co.,951 P.2d 641, 646 (Okla. 1997) (quoting Lindsey v. Kingfisher Bank Trust Co., 832 P.2d 1, 3 (Okla. 1992)). Section 887.2 of the Physical Therapy Practice Act only defines "physical therapy," while Sections 887.13(1) and 887.17 are more specific directives limiting the practice of physical therapy and providing penalties for violating the provisions. See 59 2001, §§ 887.2, 887.13(1); 59 Supp. 2003, § 887.17.
¶ 5 Finally, in 2003 the Legislature amended Section 887.17 to permit physical therapists to provide services "without a physician referral to children who receive physical therapy services pursuant to the Individuals with Disabilities Education Act, Amendment of 1997 (P.L. 105-17) and the Rehabilitation Act of 1973," but did not amend the section to permit physical therapists to accept referrals from physician assistants. 2003 Okla. Sess. Laws ch. 135, § 1. "[L]egislative silence, when it has authority to speak, may be considered as giving rise to an implication of legislative intent." State ex rel. Dep't ofTransp. v. OPUBCO, Inc., 50 P.3d 1146, 1149 (Okla.Ct.App. 2002) (quoting City of Duncan v. Bingham, 394 P.2d 456, 460
(Okla. 1964). In OPUBCO, the court noted that the statutory provision at issue "was enacted in 1972, and the Oklahoma Legislature presumably was aware of it in 1975, when it wrote and enacted 28 Supp. 1975 § 152.3 and amended 69 Supp. 1975 § 1203(f), yet it did not include a similar provision in the latter statutes." Id. Similarly, in 2003 the Legislature amended Section 887.17 of Title 59 and had opportunity to amend it further to match the breadth of the definitional provision Section 887.2, which it was presumably aware of, and declined to do so. See 2003 Okla. Sess. Laws ch. 135, § 1. Thus, the latest expression of legislative will prohibits referrals from physician assistants.
¶ 6 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The Physical Therapy Practice Act, 59 2001 Supp. 2003, §§ 887.1-887.18, does not authorize a physical therapist to treat human ailments by physical therapy under referral from physician assistant. 59 2001, §§ 887.2, 887.13(1); 59 Supp. 2003, § 887.17.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 JOANN T. STEVENSON Assistant Attorney General