OSCN Found Document:Question Submitted by: The Honorable Arthur Hulbert, State Representative, District 14

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 Question Submitted by: The Honorable Arthur Hulbert, State Representative, District 14
2014 OK AG 9
Decided: 09/15/2014
Oklahoma Attorney General Opinions
Cite as: 2014 OK AG 9, __ __

 

¶0 This office has received your request for an official Attorney General 
Opinion in which you ask, in effect, the following question:
Does 
19 O.S.Supp.2013, § 421.2 prohibit 
a board of county commissioners from declaring county-owned real property as 
surplus to the needs of the county during the time period beginning 30 days 
before the filing period for any election of a county commissioner and ending 
the day after a county commissioner is sworn in? 
Introduction
¶1 Before turning to your question, we provide a 
brief summary of the powers granted to a board of county commissioners under 
Oklahoma law regarding the administration of county-owned property.
¶2 It is well established that counties within 
Oklahoma are "involuntary, subordinate political subdivision[s] of the 
state," Herndon v. Anderson, 25 P.2d 326, 329 (Okla. 1933), that may exercise only 
those powers that have been granted to them by statute. Tulsa Exposition 
& Fair Corp. v. Bd. of Cnty. Comm'rs, 468 P.2d 501, 507 (Okla. 1970) (citing Johnston v. 
Conner, 236 P.2d 
987 (Okla. 1951) and Herndon, 25 P.2d at 329). A county exercises its 
statutory authority through an elected board of county commissioners. See 
19 O.S.2011, § 
3. 
Like the counties themselves, "Boards of County Commissioners derive their 
powers and authority wholly from the statutes, and acts performed by them must 
be done pursuant to authority granted by valid legislative action." Tulsa 
Exposition & Fair Corp., 468 P.2d at 508. However, a board's authority 
also includes powers that are "necessarily or fairly implied or incidental to 
the powers expressly granted." See Shipp v. Se. Okla. Indus. Auth., 
498 P.2d 1395, 1398 (Okla. 1972).
¶3 Among the powers specifically granted to counties by statute is a broad 
authority to administer property belonging to the county. For instance, counties 
are empowered to "purchase and hold real and personal estate for the use of the 
county." 19 O.S.2011, § 
1(2). Similarly, counties may "sell and convey any real or personal estate 
owned by the county, and make such order respecting the same as may be deemed 
conducive to the interests of the inhabitants[.]" Id. § 1(3). As noted 
above, this broad authority is exercised on behalf of the county by its board of 
county commissioners, but county commissioners also have specific statutory 
authority to, among other things, "make all orders respecting the real property 
of the county." Id. § 339(A)(1). 
¶4 In order to sell county-owned property a board of county commissioners, in 
most cases, must comply with the procedures set forth in Section 421.1 of Title 
19. For county-owned "tools, apparatus, machinery or equipment" for which the 
original cost exceeded $500, the statute requires a sealed bid procedure or 
public auction, with limited exception for property used as a trade-in for the 
purchase of similar property. See 19 O.S.Supp.2013, § 421.1(A)-(F). For county-owned 
land, Section 421.1 authorizes county commissioners to "sell real property 
belonging to the county without declaring such property surplus" only after a 
number of conditions, including a certified appraisal and sealed bid process, 
have been satisfied.[1] Id. § 421.1(G). 
¶5 For property that has been deemed by the board of county commissioners as 
surplus to the needs of the county, the Legislature established separate 
procedures to sell or otherwise transfer real and personal property. For 
surplus real property, Section 349(B) of Title 19 permits county commissioners 
to transfer such lands to a municipality if the lands are located within the 
municipality's corporate limits. That section provides, in pertinent part, as 
follows:


The county commissioners of counties of the State of Oklahoma are hereby 
authorized and empowered to execute deeds of conveyance of such lands as are 
owned by the counties within the corporate limits of any city or town providing 
such lands are deemed by the county commissioners of the county to be surplus to 
the needs of the county. Any such lands so conveyed may be used by such city or 
town for any purpose authorized by law or conveyed by such city or town in any 
manner authorized by law. 
19 O.S.2011, § 349(B). For surplus 
machinery, equipment and vehicles, Section 421.2 of Title 19 permits a board, 
subject to certain conditions, to transfer such property to political 
subdivisions of the state. See 19 O.S.Supp.2013, § 421.2. 
Analysis
¶6 Your question seeks clarification as to whether Section 421.2 limits the 
ability of county commissioners to declare county-owned real property as 
surplus. Section 421.2 provides, in pertinent part, as follows:


A unanimous vote of the board of county commissioners may transfer any 
machinery, equipment or vehicle belonging to the county, which is deemed 
by the board to be surplus, to a political subdivision of the state which is in 
need of such machinery, equipment or vehicle. Upon such transfer, the 
subject property shall be removed from the inventory of the county. 
Except as otherwise provided in this section, the board of county commissioners 
may not deem any property to be surplus during the period of time 
beginning thirty (30) days before the filing period for any election of a county 
commissioner and ending the day after a county commissioner is sworn in as such. 
If the incumbent draws no opponent or if the incumbent county commissioner wins 
reelection, either at the primary, special, or general election, the prohibition 
of declaring county property or material surplus until the swearing in of county 
officials shall be removed and the county may dispose of surplus property as 
provided in this section.
19 O.S.Supp.2013, § 
421.2 (emphasis added). 
¶7 To determine whether Section 421.2's temporal limitation on declaring 
county property as surplus applies to real property, we must look first to the 
language of the statute itself. If that language is "plain and unambiguous and 
its meaning clear," no further interpretation is necessary. TRW/Reda Pump v. 
Brewington, 829 P.2d 
15, 20 (Okla. 1992); see also Ledbetter v. Howard, 276 P.3d 1031, 1035 (Okla. 2012) ("If the [statutory] 
language is plain and clearly expresses the legislative will, further inquiry is 
unnecessary."). However, if the language is ambiguous or in conflict with other 
statutory provisions, we must turn to the rules of statutory interpretation to 
ascertain the intent of the Legislature in adopting the law. See 
Ledbetter, 276 P.3d at 1035 (noting that "in cases of ambiguity or 
conflictrules of statutory construction [are] employed"); In re BTW, 
241 P.3d 199, 205 (Okla. 2010) ("The 
determination of legislative intent controls statutory interpretation . . . 
.").
¶8 "The test for ambiguity in a statute is whether the statutory language is 
susceptible to more than one reasonable interpretation." YDF, Inc. v. 
Schlumar, Inc., 136 P.3d 656, 658 (Okla. 2006). In Section 421.2, the 
use of the phrase "any property" in prohibiting county commissioners from 
deeming county property as surplus in the time period surrounding elections 
renders that provision ambiguous. Specifically, the use of the word "any" can be 
interpreted to suggest that the prohibition applies to all 
county-owned property, including real property. See Webster's Third New 
International Dictionary 97 (1993) (defining "any" to mean, among other things, 
"every" or "all"); see also JPMorgan Chase Bank, N.A. v. Specialty Rest., 
Inc., 243 P.3d 
8, 
14 (Okla. 2010) ("The term 'any' is all-embracing and means nothing less than 
'every' and 'all.'"). On the other hand, the prohibition appears in a statutory 
section that otherwise appears to apply only to county-owned machinery, 
equipment and vehicles. Indeed, the transfer of surplus county-owned real 
property is specifically addressed by separate statute. See 
19 O.S.2011, § 
349. Having found the language to be ambiguous, we look to the relevant 
rules of statutory construction to determine the most reasonable 
interpretation.
¶9 For two reasons, we conclude that the better reading of Section 421.2 is 
that the temporal prohibition on declaring county property as surplus applies 
only to machinery, equipment and vehicles. First, the interpretation of 
ambiguous language cannot be accomplished in a vacuum. Rather, we must take into 
account the relevant context in which the language is used. See Hogg v. Okla. 
Cnty. Juvenile Bureau, 292 P.3d 29, 33 (Okla. 2012) ("In determining 
legislative intent this Court will look at the context of any ambiguous 
provisions and not limit our consideration to any one word or phrase."); 
State v. Tate, 276 P.3d 1017, 1020 (Okla. 2012) ("Words and phrases of 
a statute are to be understood and used not in an abstract sense, but with due 
regard for context, and they must harmonize with other sections of the Act."). 
Taking the whole of Section 421.2 in context, it makes more sense that the 
limitation stated therein would apply only to the types of property referenced 
specifically in that section. The first two sentences of that section refer 
solely to the transfer of county-owned machinery, equipment and vehicles. 
19 O.S.Supp.2013, § 
421.2. Likewise, the statute identifies circumstances that would cause the 
prohibition on declaring property as surplus to be lifted and permit the county 
to "dispose of surplus property as provided in this section." 
Id. (emphasis added). Of course, Section 421.2 provides only for the 
disposal of surplus machinery, equipment and vehicles. Thus, in the otherwise 
narrow context of Section 421.2, it would be an odd juxtaposition to insert a 
broad temporal limitation on declaring any county property as 
surplus.[2] 
¶10 The second, and related, reason supporting this conclusion involves a 
broader review of Title 19. Specifically, the transfer of surplus county lands 
is explicitly addressed in a separate section of Title 19. Section 349(B) 
permits county commissioners to convey surplus land to municipalities, much like 
Section 421.2 permits such transfers for machinery, equipment and vehicles. 
See 19 O.S.2011, § 
349(B). Unlike Section 421.2, however, Section 349(B) does not include any 
temporal limitation on the authority of a board of county commissioners to 
declare such property as surplus. Section 349(B) was adopted in 1990, see 
1990 Okla. Sess. Laws ch. 67, § 2, one year prior to the adoption of Section 
421.2. See 1991 Okla. Sess. Laws ch. 155. We must assume that, at the 
time it enacted Section 421.2, the Legislature was aware that the transfer of 
surplus county-owned real property was addressed specifically in Section 
349(B). See Williams v. Bailey, 268 P.2d 868, 872 (Okla. 1954) (noting the "general 
rule of interpretation to assume that the legislature in the enactment of a 
statute was aware of established rules of law applicable to the subject matter 
of the statute" (quoting 50 Am. Jur. Statutes § 339)); see also State 
ex rel. Dep't of Transp. v. OPUBCO, Inc., 50 P.3d 1146, 1149 (Okla. Civ. App. 2002). Yet the 
Legislature chose not to amend Section 349(B) to include a temporal limitation 
on declaring real property as surplus, but included such a limitation in Section 
421.2, applicable to applicable to machinery, equipment and vehicles. We assume 
that this omission is intentional. See Broadway Clinic v. Liberty Mut. Ins. 
Co., 139 P.3d 
873, 877 (Okla. 2006) ("Where a word or phrase is absent from a statute, we 
must presume that its absence is intentional."); see also OPUBCO, 
50 
P.3d at 1149 ("Legislative silence, when it has authority to speak, may be considered 
as giving rise to an implication of legislative intent." (quoting City of 
Duncan v. Bingham, 394 P.2d 456, 460 (Okla. 1964))). 


¶11 It is, therefore, the official Opinion of the Attorney General that:
Title 19 O.S.Supp.2013, § 
421.2 does not prohibit a board of county commissioners from declaring 
county-owned real property as surplus to the needs of the county during the time 
period beginning 30 days before the filing period for any election of a county 
commissioner and ending the day after a county commissioner is sworn 
in.
E. SCOTT PRUITT
Attorney General of Oklahoma
Ethan Shaner
Assistant Attorney General 
FOOTNOTES
[1] In other limited 
circumstances not relevant here, a board of county commissioners may sell or 
otherwise transfer real property belonging to the county without declaring it 
surplus or complying with the procedures of Section 421.1(G). See 
19 O.S.2011, §§ 
339.1, 342, 349(C). 
[2] This conclusion is also consistent with the doctrine of 
noscitur a sociis, by which the meaning of an ambiguous term used in a 
statute may be ascertained by reference to the meaning of words associated with 
it. See Sullins v. Am. Med. Response of Okla., Inc., 23 P.3d 259, 263 (Okla. 2001); see also 2A 
Norman J. Singer, Sutherland Statutory Construction § 47.16 at 352-53 (7th ed. 
2007) (noting that noscitur a sociis "in practical application means that 
a word may be defined by an accompanying word, and ordinarily the coupling of 
words denotes an intention that they should be understood in the same general 
sense" (footnotes omitted)).




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2002 OK CIV APP 72, 50 P.3d 1146, STATE EX. REL. DEPT. OF TRANSPORTATION v. OPUBCO, INC.
Cited
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1992 OK 31, 829 P.2d 15, 63 OBJ 682, TRW/Reda Pump v. Brewington
Cited
 2001 OK 20, 23 P.3d 259, 72 OBJ 573, SULLIN v. AMERICAN MEDICAL RESPONSE OF OKLAHOMA, INC
Cited
 1954 OK 19, 268 P.2d 868, WILLIAMS v. BAILEY
Cited
 1933 OK 490, 25 P.2d 326, 165 Okla. 104, HERNDON Judge v. ANDERSON et al.
Cited
 1964 OK 165, 394 P.2d 456, CITY OF DUNCAN v. BINGHAM
Cited
 1970 OK 67, 468 P.2d 501, TULSA EXPOSITION & FAIR CORP. v. BD. OF CO. COM'RS
Cited
 1972 OK 98, 498 P.2d 1395, SHIPP v. SOUTHEASTERN OKLAHOMA INDUSTRIES AUTH.
Cited
 2006 OK 29, 139 P.3d 873, BROADWAY CLINIC v. LIBERTY MUTUAL INSURANCE CO.
Cited
 2006 OK 32, 136 P.3d 656, YDF, INC. v. SCHLUMAR, INC.
Cited
 2010 OK 65, 243 P.3d 8, JPMORGAN CHASE BANK, N.A. v. SPECIALTY RESTAURANTS, INC.
Cited
 2010 OK 69, 241 P.3d 199, IN THE MATTER OF BTW
Cited
 2012 OK 31, 276 P.3d 1017, STATE v. TATE
Cited
 2012 OK 39, 276 P.3d 1031, LEDBETTER v. HOWARD
Cited
 2012 OK 107, 292 P.3d 29, HOGG v. OKLAHOMA COUNTY JUVENILE BUREAU
Cited
 1951 OK 262, 236 P.2d 987, 205 Okla. 233, JOHNSTON v. CONNER
Cited
Title 19. Counties and County Officers
 Cite
Name
Level

 19 O.S. 349, Conveyance of Lands to United States or Cities and Towns for Forest and Game Preserves, Parks, etc.
Discussed at Length
 19 O.S. 1, Organized Counties to be Empowered for the Following Purposes
Cited
 19 O.S. 3, County's Powers Exercised by Board of Commissioners - Certain Contracts Void by Individual Commissioner
Cited
 19 O.S. 339.1, Sale of County-Owned Property to Oklahoma Historical Society
Cited
 19 O.S. 421.1, Procedures for Sale of Certain County Property
Cited
 19 O.S. 421.2, Transfer of Surplus Machinery, Equipment, or Vehicles
Discussed at Length